IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

2005 OCT 28  P 2: 28

| | |
|---|---|
| MAC EAST, LLC,<br>an Alabama Limited Liability<br>Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>SHONEY'S, INC.,<br>a Tennessee Corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO.: 2:05cv1038-W<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, defendant Shoney's, Inc., a Tennessee corporation ("Shoney's") hereby removes this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Middle Division. In support of this notice, defendant Shoney's states as follows:

**I.   THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED.**

1.   This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

2.   Plaintiff MAC East, LLC ("MAC") instituted this civil action in the Circuit Court of Montgomery County, Alabama, on September 20, 2005, naming Shoney's as the sole defendant.

3.   The summons and complaint were served upon Shoney's on September 28, 2005. True and correct copies of all process, pleadings, and orders served on Shoney's are attached hereto as Exhibit A.

4. Because this Notice of Removal is filed within thirty (30) days of the first receipt by defendant Shoney's of the summons and complaint in this action, by service or otherwise, it is timely under 28 U.S.C. § 1446(b).

5. This Court has original jurisdiction over this dispute under 28 U.S.C. § 1332. First, complete diversity of citizenship exists between all parties of interest. Second, the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Removal of this action is therefore proper pursuant to 28 U.S.C. §§ 1332 and 1441.

## II.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

6. Plaintiff MAC is, and was at the time of the institution of this civil action, a limited liability company organized and existing under and by virtue of the laws of the State of Alabama, with its principal place of business located in Alabama. As a result, MAC, is now, and was at the time of the filing of the complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes. *See* Complaint, ¶ 1

7. Defendant Shoney's is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Tennessee, with its principal place of business located in Tennessee. As a result, Shoney's is not now, and was not at the time of the filing of the complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes. *See* Complaint, ¶ 2.

8. Therefore, this action involves <u>only</u> claims by an Alabama resident against a foreign defendant.

III. THE AMOUNT IN CONTROVERSY REQUIREMENT HAS BEEN MET.

9. While MAC's complaint does not specify the total amount of damages it seeks to recover in this lawsuit, it is clear that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. MAC demanded judgment, in an unspecified amount to be determined by a jury, for punitive damages and compensatory damages and attorney's fees. See Complaint, ¶¶ following ¶¶ 32, 37 and 40.

10. Where a complaint does not state a demand for a specific amount of damages, a removing defendant must demonstrate by only a preponderance of the evidence that the minimum sum necessary to confer federal diversity jurisdiction is "more likely than not" at issue in the case. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F. 3d 1069 (11th Cir. 2000); *see also Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995) (stating the preponderance of the evidence standard); *Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414, 1416 (M.D. Ala. 1986) (same); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (same).

11. MAC, by and through its legal counsel of record, has conceded that MAC is claiming damages in excess of $75,000, stating in writing "we do intend to seek damages in excess of $75,000 and will not object to removal on that basis." Copy of said correspondence is attached hereto as Exhibit B.

12. Shoney's does not concede, in any way, that the plaintiff MAC in this action is entitled to compensatory or punitive damages, or attorney's fees, in any amount. However, strictly for purposes of determining the "amount in controversy" within the context of federal diversity jurisdiction, Shoney's submits that MAC's unspecified demand, supplemented

by its claim by legal counsel in correspondence that it is seeking in excess of $75,000, establishes by a preponderance of the evidence that MAC's claims in this action have placed the minimum jurisdictional amount at issue here.

13. Because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

14. As set forth above, this Notice of Removal is filed within thirty (30) days of the first receipt by the sole defendant of the summons and complaint in this action, whether by service or otherwise.

15. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

16. The sole defendant in this action is filing this notice of removal.

17. If any question arises as to the propriety of the removal of this action, Shoney's, as the removing defendant, requests the opportunity to present a brief and/or argument in support of its position that this case is removable.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Shoney's desiring to remove this case to the United States District Court for the Middle District of Alabama, Middle Division, being the district and division of the court for the county in which the action is pending, pray that the filing of this Notice of Removal in this Court and with the Clerk of the Circuit Court of Montgomery County, Alabama, shall effect the removal of this suit to this Court.

_/s/ James N. Nolan /Pau/_
James N. Nolan
Middle District I.D. No. ASB-6012-N61J

_/s/ Paul O. Woodall, Jr._
Paul O. Woodall, Jr.
Middle District I.D. No. ASB-4297-O59P

Attorneys for defendant Shoney's, Inc.

OF COUNSEL:

WALSTON WELLS & BIRCHALL, LLP
1819 5th Avenue North, Suite 1100
PO Box 830642
Birmingham AL 35283-0642
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing Notice of Removal has been served by depositing the same in the United States mail, properly addressed and postage prepaid, to the following counsel for plaintiff:

Dennis R. Bailey, Esq.
RUSHTON, STAKELY, JOHNSON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama  36101-0270

this 28th day of October, 2005.

                                                            /s/ Paul O. Woodall, Jr.
                                                            Of Counsel