IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

RECEIVED
2005 NOV -4 A 9: 17

. HACKETT,
. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MAC EAST, LLC, an Alabama Limited Liability Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SHONEY'S, INC., a Tennessee Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO.: 2:05-CV-01038-SRW |

## ANSWER

COMES NOW the Defendant, Shoney's, LLC ("Shoney's"), a Tennessee limited liability company, as successor-in-interest to Shoney's, Inc., by reason of conversion on October 11, 2004, and through its undersigned counsel, hereby files its Answer to that certain Complaint filed by Plaintiff, MAC East, LLC ("MAC") in this action, and states as follows:

1. Shoney's denies the allegations contained in Paragraph 1 of the Complaint. Specifically, there is no such type of legal entity recognized in Alabama as a limited liability corporation. Shoney's is without information or knowledge sufficient to admit or deny whether MAC has its principal place of business in Montgomery, Alabama, and it is therefore denied. Shoney's demands strict proof thereof.

2. Shoney's denies the allegations contained in Paragraph 2 of the Complaint, in that the proper legal entity the subject of this lawsuit is "Shoney's, LLC", which is now a Tennessee limited liability company, as successor-in-interest to Shoney's, Inc. by reason of conversion on October 11, 2004.

3. Shoney's admits the allegations contained in Paragraph 3 of the Complaint; provided, however, that the Complaint fails to state that there was an additional landlord under the Lease (as defined in the Complaint), namely Lurene H. Johnson.

4. Shoney's admits the allegations contained in Paragraph 4 of the Complaint.

5. Shoney's admits the allegations contained in Paragraph 5 of the Complaint.

6. Shoney's admits the allegations contained in Paragraph 6 of the Complaint; provided, however, that the Complaint fails to state that the Lease can be renewed for only four (4) successive periods.

7. Shoney's admits the allegations contained in the first sentence of Paragraph 7 of the Complaint. Shoney's denies that a copy of the Assignment was attached to the Complaint.

8. Shoney's admits the allegations contained in Paragraph 8 of the Complaint.

9. Shoney's admits the allegations contained in Paragraph 9 of the Complaint.

10. Shoney's admits the allegations contained in Paragraph 10 of the Complaint; provided, however, in clarification of said allegations, the $140,351.99 represents the net proceeds paid to Shoney's at the closing.

11. Shoney's is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 11 of the Complaint, and they are therefore denied, and Shoney's demands strict proof thereof.

12. Shoney's is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of the Complaint, and they are therefore denied, and Shoney's demands strict proof thereof.

13. Shoney's is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint, and they are therefore denied, and Shoney's demands strict proof thereof.

14. Shoney's is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 14 of the Complaint, and they are therefore denied, and Shoney's demands strict proof thereof.

15. Shoney's admits the allegations contained in Paragraph 15 of the Complaint.

16. Shoney's admits that it verbally communicated to MAC its general requirements for financial and other information required to consider a potential subtenant; otherwise, the allegations contained in Paragraph 16 of the Complaint are denied, and Shoney's demands strict proof thereof.

17. Shoney's admits that, in a letter dated May 9, 2005, MAC presented City Café to Shoney's for approval as a subtenant; otherwise, the allegations contained in Paragraph 17 of the Complaint are denied, and Shoney's demands strict proof thereof.

18. Shoney's admits the allegations contained in Paragraph 18 of the Complaint.

19. Shoney's admits that MAC sent it photographs of a purported similar operation(s); Shoney's also admits that it received (i) an unsigned financial statement as of October 31, 2004 for Jimmy Tselios, (ii) a compiled income statement for the period of May 2004 through October 2004 for a company called Rochester Seafood Company, stating, amongst other things, "For Management Use Only", and "[m]anagement has elected to omit substantially all of the disclosures required by generally accepted accounting principles", and (iii) a compiled income statement for the period of January 2004 through September 2004 for a company called College Park Grill, Inc. stating, amongst other things, "For Management Use Only" and "[m]anagement has elected to omit substantially all of the disclosures required by generally accepted accounting principles"; otherwise, the allegations contained in Paragraph 19 of the Complaint are denied, and Shoney's demands strict proof thereof. In furtherance thereof,

Shoney's denies that it was provided information as to the names of the partners in City Café Diner, and demands strict proof thereof.

20. Shoney's denies the allegations contained in Paragraph 20 of the Complaint and demands strict proof thereof.

21. Shoney's admits the allegations contained in Paragraph 21 of the Complaint.

22. Shoney's denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23. Shoney's denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof.

24. Shoney's admits that it did not communicate to MAC any objection to the suitability of City Cafe' as a suitable subtenant for the subject property; otherwise, the allegations contained in Paragraph 24 of the Complaint are denied, and Shoney's demands strict proof thereof.

25. Shoney's admits that counsel for MAC communicated to Shoney's and to its counsel that MAC's position was that Shoney's had no legal or contractual right under the Assignment (as defined in the Complaint) to demand additional payments in exchange for approval of a sublease to a commercially suitable subtenant of MAC; otherwise, the allegations contained in Paragraph 25 of the Complaint are denied, and Shoney's demands strict proof thereof.

26. Shoney's denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.

27. Shoney's denies the allegations contained in Paragraph 27 of the Complaint and demands strict proof thereof.

28. Shoney's is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint, and they are therefore denied, and Shoney's demands strict proof thereof.

29. In response to Paragraph 29 of the Complaint, Shoney's incorporates by reference its responses set forth in Paragraphs 1 through 28 hereof.

30. Shoney's denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

31. Shoney's denies the allegations contained in Paragraph 31 of the Complaint and demands strict proof thereof.

32. Shoney's is without information and knowledge to know what "leases" to which MAC is referring in Paragraph 32 of the Complaint; Shoney's denies that any agreement between MAC and Shoney's contains a provision allowing the prevailing party to recover attorney's fees; therefore, Paragraph 32 is denied, and Shoney's demands strict proof thereof.

33. In response to Paragraph 33 of the Complaint, Shoney's incorporates by reference its responses set forth in Paragraphs 1 through 32 hereof.

34. Shoney's is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint, and they are therefore denied, and Shoney's demands strict proof thereof.

35. Shoney's denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof thereof.

36. Shoney's denies the allegations contained in Paragraph 36 of the Complaint and demands strict proof thereof.

37. Shoney's denies the allegations contained in Paragraph 37 of the Complaint and demands strict proof thereof.

38.  In response to Paragraph 38 of the Complaint, Shoney's incorporates by reference its responses set forth in Paragraphs 1 through 37 hereof.

39.  Shoney's admits the allegations contained in Paragraph 39 of the Complaint.

40.  Shoney's denies the allegations contained in Paragraph 40 of the Complaint and demands strict proof thereof.

41.  Shoney's denies that MAC is entitled to any of the relief or damages requested in the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

MAC's Complaint fails to allege facts sufficient to state a claim for which relief may be granted.

### SECOND DEFENSE

MAC's Complaint fails to allege facts sufficient to prove a violation of any right held by MAC.

### THIRD DEFENSE

MAC's Complaint fails to allege facts sufficient to award declaratory relief.

### FOURTH DEFENSE

Shoney's pleads that the terms and conditions of the Assignment (as defined in the Complaint) govern this dispute and operate to bar MAC's claims.

### FIFTH DEFENSE

MAC has failed to mitigate damages.

### SIXTH DEFENSE

Shoney's pleads the affirmative defense of waiver.

## SEVENTH DEFENSE

Shoney's pleads the affirmative defense of estoppel.

## EIGHTH DEFENSE

MAC's demand in the Complaint for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

## NINTH DEFENSE

MAC's demand in the Complaint for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature, but the burden of proof on MAC is less than the "beyond the reasonable doubt" standard required in criminal cases.

## TENTH DEFENSE

MAC's demand in the Complaint for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty and property except by due process of law, in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

## ELEVENTH DEFENSE

MAC's demand in the Complaint for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, but the burden of proof on MAC is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## TWELFTH DEFENSE

Shoney's avers that any award of punitive damages to MAC in this case will violate the constitutional safeguards provided to Shoney's, based upon the following grounds:

a.  There is a lack of reasonable standards necessary to instruct the jury on the propriety and the amount of any punitive damage award;

b.  Use of the Alabama Pattern Jury Instructions 11.03 for instructing the jury as to the award of punitive damage, and the amount of such award, does not provide sufficient guidance or standard for the award of punitive damages;

c.  The power and authority of the jury under Alabama law to decide the amount of a punitive damage award is so unfettered that there is lacking any reasonable logic or standard, uniformity, criteria, or guidance in the assessment of the amount of the award of punitive damages;

d.  Alabama procedures, pursuant to which amounts of punitive damages are awarded, are unconstitutionally void for vagueness.

## THIRTEENTH DEFENSE

The Complaint fails to state a claim for punitive damages under Alabama Code Section 6-11-20 through 6-11-30 (1975) and is barred.  Further, any punitive damages verdict in excess of the statutory limits originally set forth in Alabama Code Section 6-11-21 and/or as amended by Act No. 99-358 (1999 Regular Session) is barred.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Shoney's reserves the right to amend its Answer to assert such other affirmative or supplemental defenses as may become available or apparent during the course of discovery in this matter.

_____
JAMES N. NOLAN

_____
PAUL O. WOODALL, JR.

ATTORNEYS FOR DEFENDANT, SHONEY'S, LLC

OF COUNSEL:
WALSTON, WELLS & BIRCHALL, LLP
1819 5th Avenue North
Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing ANSWER has been served upon counsel of record by placing same in the United States mail, properly addressed and postage prepaid, as follows:

Dennis R. Bailey, Esq.
RUSHTON, STAKELY, JOHNSON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270

This the 3rd day of November, 2005.

/s/ Paul O. Woodall, Jr.
Of Counsel