## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| MAC East, LLC,<br>an Alabama Limited Liability<br>Corporation,<br><br>    PLAINTIFF,<br><br>vs.<br><br>SHONEY'S LLC.,<br>a Tennessee limited<br>liability company,<br><br>    DEFENDANT. | &#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124;    CASE NO. 2:05-cv-1038-MEF<br>&#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124; |

### PLAINTIFF MAC EAST, LLC'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW plaintiff MAC East, LLC (hereinafter "Mac") and moves this Honorable Court for partial summary judgment on the grounds that based on the undisputed and material issues of fact, Mac is entitled to judgment as a matter of law as to liability and declaratory judgment in this matter. As further grounds for said motion, Mac would state as follows:

1.    In 1979, Shoney's purchased a lease for the premises currently known as 805 Eastern Bypass, Montgomery, Alabama, 36117 (the "Subject Property").

1

2.    In 2002, Shoney's assigned its right, title, and interest in the lease to Mac.

3.    Paragraph 19 of the assignment requires the written consent of Shoney's for Mac to enter into any assignment or sublease of the Subject Property.

4.    On April 18, 2005, City Café Diners ("City Café") signed a proposal to sublease the Subject Property from Mac.

5.    At no time did Shoney's communicate to Mac any objection to the suitability of City Café as a suitable subtenant of the subject property.

6.    However, on or about July 27, 2005, Shoney's informed Mac that it would consent to the sublease to City Café only on the condition that Mac pay Shoney's an additional $70,000 if Shoney's was released from the lease or $90,000 if Shoney's was not released from its obligations under the lease.

7.    Mac has filed this suit against Shoney's alleging that Shoney's breached its contract with Mac and that Shoney's intentionally interfered with the business relations of Mac.

8.    The Complaint also seeks a declaratory judgment from this Court that Defendant Shoney's had no right to require payments

for assent to subtenants who are otherwise commercially reasonable tenants.

9.    Shoney's breached the terms of the 2002 agreement by requiring the payment of additional sums as a condition to approval of City Café as a subtenant. *See* Cong. Life Ins. Co. v. Barstow, 799 So. 2d 931, 937 (Ala. 2001); Giordano v. Miller, 733 N.Y.S.2d 94 (App. Div. 2d Dep't 2001).

10.   Shoney's intentionally interfered with the contractual relationship between Mac and City Café by requiring the payment of additional sums as a condition to approval of City Café as a subtenant. Teitel v. Wal-Mart Stores, Inc., 287 F. Supp. 2d 1268, 1280 (M.D. Ala. 2003).

11.   Mac requests that this Court enter judgment declaring that Shoney's has no contractual or legal right to require payments for assent to subtenants who are otherwise commercially reasonable tenants for the Subject Property. Chrysler Capital Corp. v. Lavender, 934 F.2d 290, 293 (11th Cir. 1991).

12.   In further support of this motion, Mac would rely upon:

a.  All pleadings (including any exhibit attachments) previously filed in this matter

3

     b. Assignment and Assumption of Lease Agreement dated February 20, 2002, Exhibit A

     c. Deposition transcript of Donna Power, Exhibit B

     d. Sublease proposal dated April 18, 2005, Exhibit C

     e. Affidavit of Joan J. Surles, Exhibit D

     f. Affidavit of Letitia R. Henson, Exhibit E

WHEREFORE, Plaintiff MAC East, LLC, is entitled to summary judgment as to liability in this case.

Respectfully submitted this 18th day of April 2006.

*/s/ Bethany L. Bolger*
Dennis R. Bailey (744845)
Bethany L. Bolger (6740E60B)
Attorneys for Plaintiff MAC East, LLC

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I hereby certify that I have electronically filed the foregoing through the ECMF system which will serve a copy of the foregoing document upon the following counsel of record on this the 18th day of April 2006.

Mr. James N. Nolan
Mr. Paul O. Woodall, Jr.
Walston, Wells & Birchall, LLP
1819 Fifth Avenue North
Suite 1100
Birmingham, Alabama   35203

*/s/ Bethany L. Bolger*
Of Counsel