## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

MAC East, LLC,                        |
an Alabama Limited Liability          |
Corporation,                          |
                                      |
    PLAINTIFF,    |
                                      |
vs.                                   |    CASE NO. 2:05-cv-1038-MEF
                                      |
SHONEY'S INC.,                        |
a Tennessee corporation,              |
                                      |
    DEFENDANT.    |

## RESPONSES TO DISCOVERY

Comes now Plaintiff and in response to discovery propounded by Defendant states as follows:

### INTERROGATORIES

1.    Identify the individual responding to these interrogatories on MAC's behalf and all individuals from whom information was obtained in responding to these interrogatories.

**Joan J. Surles, Senior Vice President Operations, McClinton & Company, Inc. Information obtained from Matthew Coblentz (Leasing Representative), Letitia Henson (Controller), Joel D. "Buddy" McClinton, Heather Hutto (Executive Assistant).**

2.    Identify each individual having any knowledge of any of the matters alleged or described in your complaint.

**Joan J. Surles, Matthew Coblentz, Joel D. "Buddy" McClinton, Jeffrey W. Blitz, Letitia R. Henson, Heather Hutto.**

3.    Identify the owners of City Café.

**Jimmy Tselios.**

4.    Identify each person with whom you have had any communications during the period of time from the date of the Assignment to the present with respect to subleasing the Subject Property, other than City Café.

**Jenny (last name unknown), Chinese restaurant; William Ward, owner of Ward's Accessories; Spencer Saunders; Steve Perry, Mexican restaurant; Duff's Seafood; Tony (last name unknown), Chinese restaurant; David Potts (Aronov Realty), representing auto dealership client; Robert Long (Aronov Realty), representing a burger chain; Joey Travis; chef Chris Pasqual, Starlight Caterers; Melissa Billingsley, Mexican Restaurant; Cory Grant; Mike (last name unknown), American Food Country Buffet; Benh Yeoh, Chinese Buffet; Gus (last name unknown); Annie Park (Aronov Realty), representing two different Asian restaurant operators; Larry (last name unknown), former owner of Southern Pleasures Restaurant; Jenni (last name unknown), Peking Palace; Sonja Dallas, bar/club; Chalin (last name**

2

**unknown), Thai restaurant; Ricky Evans, martini bar & bistro; Brian Tidwell, recording studio; Joey Travis, restaurant/neighborhood bar and grill; Roosevelt Daniel, western/country buffet; Eun (Annie) Park (Aronov Realty), Asian restaurant client; Deneen Pridget, eatery and hair salon combo; Robert McClendon, operates local Stockyard Café; Bernice Hernandez, Mexican restaurant; Gary Cook (Alfa Realty), represents Golden Corral; Full Moon Barbeque.**

5.     Identify each individual working for City Café, or its affiliates, with whom you have had communications.

**Except for the initial meeting at the property with Jimmy Tselios and Andy Theodorakis, all communication and correspondence has been with Andy Theodorakis, Jimmy Tselios' representative.**

6.     Identify the full legal name of City Café (i.e., the legal entity to which MAC proposed to sublease the Subject Property).

**An entity was to have been named for this operation.  The operator has multiple locations and different operating entities.**

7.     Identify the state of incorporation or organization of the legal entity described in paragraph 6 just above.

**See response to number 6.**

3

8. Describe MAC's business, and each of the different lines of business in which it engages, if applicable.

**MAC East, LLC is an Alabama limited liability company whose purpose relates to the ownership or management of real estate.**

9. Has the Subject Property ever been occupied for business (whether yours or someone else's) from the date of the Assignment to the present?

**There has been no other occupant since we acquired interest.**

10. If the answer to the previous interrogatory was yes, please identify all such persons who have occupied the Subject Property for business during such period of time.

**Not applicable.**

11. Who is the individual or individuals who at any time has (or have) been primarily responsible for marketing or subleasing the Subject Property on MAC's behalf?

**Matthew Coblentz.**

12. Provide a listing of any other lawsuits that MAC has been involved in within the past five (5) years, whether as a plaintiff or defendant (including the forum of such suit).

**None.**

13. Identify the primary attorney, if any, who represented MAC in the preparation or negotiation of the Assignment.

**Jeffrey W. Blitz.**

14. Please state each and every fact which you claim supports the allegation in the complaint that "in 2005 MAC reached an agreement with City Café to sublease the Subject Property with the intention of operating a restaurant."

**Proposal to Sub-Lease was presented to, accepted and signed by City Café on April 18, 2005. Subsequently, a lease document was prepared and sent to City Café on May 6, 2005 for their initial review.**

15. Please state each and every fact which you claim supports your allegation in the complaint that "the ownership of City Café is comprised of high-quality restaurant operators with an established track record."

**They have several existing successful restaurants in Georgia which is an indication of a proven track record as restaurant owners and operators. They have an attractive menu that we thought would be well-received in this area. Pictures of their existing locations appeared to be a nice environment. The financial statements showed good returns on the existing locations. Jimmy Tselios was willing to sign personally which was an indication that he was very committed to this deal. They were very diligent and responsive in the deal-making process.**

16.    Identify the individuals who were party to the communications referred to in paragraph 23 of the complaint.

**Joan Surles and Donna Power.**

17.    Please state each and every fact which you claim supports your allegation in the complaint that Shoney's "intentionally interfered with the contractual relationship between Plaintiff and City Café."

**Shoney's was aware of the existence of the contract and knew that City Café was an acceptable subtenant but nevertheless simply tried to force an additional payment—over and above what they obtained as part of the original sublease agreement—in exchange for its consent of a qualified tenant.**

18.    Please state each and every fact which you claim supports your allegation in the complaint that MAC "entered into a contractual relationship with City Café."

**See documents produced herewith and mentioned above.**

19.    Please state each and every fact which you claim supports your allegation in the complaint that "the leases on the Subject Property allow the prevailing party to recover attorney's fees."

**The leases speak for themselves.**

20.   Identify and describe in detail any and all logs, notes, memoranda, or other records produced, generated, kept, or maintained by you and pertaining in any way to your communications with Shoney's from January 1, 2001 to present.

**Printed or handwritten correspondence kept in project file folders. Audio tape recording of voice mail message left by Donna Power for Joan Surles. Electronic versions of documents and emails. Individuals' note pads. Executive Staff Meeting Minutes (may contain proprietary info), correspondence "Read" files, ACT! contact management software records.**

21.   Identify and describe in detail any and all logs, notes, memoranda, or other records produced, generated, kept, or maintained by you and pertaining in any way to your communications with City Café from January 1, 2004 to present.

**See response to number 20 above.**

22.   Identify and describe any and all logs, notes, memoranda, or other records produced, generated, kept, or maintained by you and pertaining in any way to any efforts to sublease the Property to City Café or to any other proposed subtenant.

**See response to number 20 above.**

23.   Identify and describe each and every communication that you had with City Café, including its employees, owners, officers, directors, shareholders, partners, members, managers, agents or representatives.

**The only person that we communicated with from City Café was Andy Theodorakis (to our knowledge, a representative of the company). All of the conversations that we can remember are either logged into ACT or available by written correspondence in our file in the form of letters and faxes sent to Mr. Theodorakis.**

24.    Identify each person you expect to call as an expert witness at the trial of this case and the education and experience that you contend qualifies him or her as an expert.

**No expert witness has been selected at this time. We will supplement the response to this interrogatory as soon as an expert witness has been retained.**

25.    Please state and describe the subject matter upon which each person named in response to the previous interrogatory is expected to testify at the trial of this case.

**See response to number 24 above.**

8

*Joan J. Surles*

## VERIFICATION

STATE OF ALABAMA

MONTGOMERY COUNTY

I, the undersigned Notary Public in and for said county in said state, hereby certify that JOAN J. SURLES, whose name as Senior Vice President/Operations of McClinton & Company, Inc., is signed to the foregoing Responses to Discovery, and who is known to me, acknowledged before me on this day that the foregoing Responses are true and correct to the best of her knowledge, information, and belief, and as such officer and with full authority, executed the foregoing Responses for and as the act of said corporation.

Given under my hand this the 4th day of April , 2006.

NOTARY PUBLIC

(SEAL)          My commission expires: 8-30-2008

## REQUESTS FOR PRODUCTION

## GENERAL OBJECTIONS

Each of the following general objections is asserted with respect to each request for production, as a predicate to any specific response and in addition to any specific objection listed below:

1.      Plaintiff objects to each of the requests to the extent it, or any of them, seeks production of documents or information prepared in anticipation of litigation,

protected by the attorney-client privilege or the work-product doctrine, or protected by the self-critical analysis privilege. Any production of documents will exclude any such materials.

2. Plaintiff objects to the production of confidential, proprietary, or trade secret information absent a suitable protective order to safeguard the confidentiality of such materials.

3. Plaintiff objects to the production of information that unreasonably encroaches in the confidentiality and privacy rights/expectations of third parties who are not parties to this case absent a suitable protective order to safeguard the confidentiality of such materials.

4. Plaintiff objects to any request which is not specifically limited in time, subject matter, or geographical scope on the grounds that such request is overly broad, unduly burdensome, not reasonably limited in time, subject matter or scope, and not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff objects to any request which calls for the creation of any document not presently in existence.

Each of the foregoing objections is hereby expressly incorporated by reference into each and all of the following specific responses, each of which are subject to and without waiver of such general objections. Any file produced in response to these requests at any time will be produced exclusive of privileged or

work-product materials and information and exclusive of documents prepared in anticipation of litigation.

## RESPONSES AND SPECIFIC OBJECTIONS

REQUEST 1.    Produce all documents that pertain in any way to the allegations in your complaint.

**RESPONSE & OBJECTION: Plaintiff objects to this request on the grounds that it is vague, unclear, and subjective in nature. Subject to and without waiving these objections, please see the documents and materials produced in response to various requests for production.**

REQUEST 2.    Produce all documents referring, relating, or pertaining in any way to Shoney's, including, but not limited to, every document pertaining to or reflecting any communication received from or addressed to Shoney's.

**RESPONSE & OBJECTION: Plaintiff    objects    to    providing information which is already in Defendant's possession.  Subject to and without waiving these objections, please see the enclosed production.**

REQUEST 3.    Produce all documents which contain, evidence, or pertain in any way to, any statement or representation concerning or relating to the facts of this case which has been made to you by Shoney's (or agents or representatives of Shoney's).

**RESPONSE & OBJECTION:  See Response to No. 2.**

11

REQUEST 4.    Produce all documents which contain, evidence, or pertain in any way to, any statement or representation concerning or relating to the facts of this case which has been made to you by any non-party, including, but not limited to, City Café or its employees, owners, officers, directors, shareholders, partners, members, managers, agents or representatives.

**RESPONSE & OBJECTION: See enclosed production.**

REQUEST 5.    Produce copies of every document which contains, evidences, or pertains in any way to any statement or representation concerning or relating to the facts of this case which you have made to any person.

**RESPONSE & OBJECTION: Plaintiff objects to this request on the grounds that it is vague, unclear, and subjective in nature. Subject to and without waiving these objections, please see the documents and materials produced in response to various requests for production.**

REQUEST 6.    Produce copies of every document pertaining to, referencing, or evidencing any acts or omissions of any person, including, but not limited to, Shoney's, which you contend or believe caused the damages you allege in your complaint.

**RESPONSE & OBJECTION: Plaintiff objects to this request on the grounds that it is vague, unclear, and subjective in nature. Subject to and**

without waiving these objections, please see the documents and materials produced in response to various requests for production.

REQUEST 7.    Produce copies of every document identified in your responses to the interrogatories propounded by Shoney's in this action.

**RESPONSE & OBJECTION: See enclosed production.**

REQUEST 8.    Produce copies of every document identified in your Initial Disclosures previously delivered to Shoney's in this action.

**RESPONSE & OBJECTION: These have previously been produced.**

REQUEST 9.    Produce copies of every document to which you, or your agents, referred or on which you relied in responding to the interrogatories propounded by Shoney's in this action.

**RESPONSE & OBJECTION: Please see the documents and materials produced in response to various requests for production.**

REQUEST 10.    Produce copies of every document upon which you rely to support your claims against Shoney's in this case.

**RESPONSE & OBJECTION: Plaintiff objects to this request on the grounds that it is vague, unclear, and subjective in nature. Subject to and without waiving these objections, please see the documents and materials produced in response to various requests for production.**

REQUEST 11.    Produce a copy or reproduction of any photographs, any audio recording, any video recording, and/or any audio/visual recording which in any way depicts or evidences the things and circumstances made the basis of this lawsuit.

**RESPONSE & OBJECTION: Plaintiff objects to this request on the grounds that it is vague, unclear, and subjective in nature. Subject to and without waiving these objections, Plaintiff does not possess any such materials as it understands the request.**

REQUEST 12.    Produce a copy of the signed proposal dated April 18, 2005, referred to in paragraph 11 of the complaint.

**RESPONSE & OBJECTION: See enclosed production.**

REQUEST 13.    Produce copies of all drafts, whether signed or unsigned, of the proposed sublease agreement between MAC and City Café, together with the date submitted or received, as applicable.

**RESPONSE & OBJECTION: See enclosed production.**

REQUEST 14.    Produce a copy of any executed sublease between you and City Café.

**RESPONSE & OBJECTION: Sublease was not executed because of the actions of Shoney's.**

14

REQUEST 15.    Produce any documents that reflect, refer or relate to City Café or its owners, which have not otherwise been provided.

**RESPONSE & OBJECTION:** **See enclosed production.**

REQUEST 16.    Produce any documents that reflect, refer or relate to the property the subject of this lawsuit, the Assignment or the Lease, which have not otherwise been provided.

**RESPONSE & OBJECTION:** **Plaintiff objects to this request on the grounds that it is vague, unclear, and subjective in nature. Subject to and without waiving these objections, please see the enclosed production.**

REQUEST 17.    Produce a copy of any title commitment, title policy, title search, or abstract of title relating to the Subject Property.

**RESPONSE & OBJECTION:** **Was not obtained because Shoney's refused to give approval of City Café without additional payment.**

REQUEST 18.    Produce copies of all written communications in any form (whether paper copy, facsimile, email, computer disc or otherwise) to or from City Café or any employee, owner, officer, director, shareholder, partner, member, manager, agent or representative thereof at any time.

**RESPONSE & OBJECTION:** **See enclosed production.**

REQUEST 19.    Produce copies of any other document, instrument, agreement and/or contract which in any way reflects, refers, relates or evidences the facts and circumstances which form the basis of your complaint.

**RESPONSE & OBJECTION:** **Plaintiff objects to this request on the grounds that it is vague, unclear, and subjective in nature. Subject to and without waiving these objections, please see the documents and materials produced in response to various requests for production.**

REQUEST 20.    Produce copies of all documents in this lawsuit given to or received from Shoney's.

**RESPONSE & OBJECTION:** **See Response to No. 2.**

REQUEST 21.    Produce a copy of any recording of the voice of any party or any employee or representative of any party in this lawsuit.

**RESPONSE & OBJECTION:** **We have a tape of a voice mail message left by Shoney's which is available for copying.**

REQUEST 22.    Produce any and all communications between you and Shoney's, between you and City Café Diner, or between you and the primary landlords under the Lease at any time after January 1, 2001.

**RESPONSE & OBJECTION:** **Plaintiff objects to this request on the grounds that it is vague, unclear, and subjective in nature. Subject to and without waiving these objections, please see the enclosed production.**

REQUEST 23.    Produce copies of any and all documents that tend in any way, whether directly or indirectly, to support your allegation in the complaint that "in 2005 MAC reached an agreement with City Café to sublease the Subject Property with the intention of operating a restaurant."

**RESPONSE & OBJECTION:** **See documents produced.**

REQUEST 24.    Produce copies of any and all documents that tend in any way, whether directly or indirectly, to support your allegation in the complaint that "the ownership of City Café is comprised of high-quality restaurant operators with an established track record."

**RESPONSE & OBJECTION:** **See documents produced to Shoneys.**

REQUEST 25.    Produce copies of any and all documents that tend in any way, whether directly or indirectly, to support your allegation in the complaint that Shoney's "intentionally interfered with the contractual relationship between Plaintiff and City Café."

**RESPONSE & OBJECTION:** **See documents produced.**

REQUEST 26.    Produce copies of any and all documents that tend in any way, whether directly or indirectly, to support your allegation in the complaint that MAC "entered into a contractual relationship with City Café."

**RESPONSE & OBJECTION:** **See documents produced.**

REQUEST 27.    Produce copies of any and all documents that tend in any way, whether directly or indirectly, to support your allegation in the complaint that "the leases on the Subject Property allow the prevailing party to recover attorney's fees."

**RESPONSE & OBJECTION:** **See lease documents.**

REQUEST 28.    Produce the curriculum vitae of all persons identified by you as experts who may be called to testify by you at the trial of this action and of all persons identified by you as an expert whose work product was reviewed by or formed the basis for the testimony of any testifying expert.

**RESPONSE & OBJECTION:** **No expert witness has been selected at this time.  We will supplement the response to this request once an expert witness has been retained.**

29.    Produce all documents relating to this action produced by any expert witness you may call to testify at the trial of this action and all documents upon which such expert(s) will rely or that form the basis of any of his or her opinions in this action.

**RESPONSE & OBJECTION:** **See Response to No. 28.**

30.    Produce any and all correspondence between each and every expert witness that you expect to call to testify at the trial of this cause and you, your counsel, or any other agent or representative of yours.

**RESPONSE & OBJECTION:** See Response to No. 28.

31.    Produce a copy of MAC's annual report required to be filed with the Alabama Department of Revenue each year to maintain good standing, for the years 2002 through the present.

**RESPONSE & OBJECTION:** See enclosed production.

### REQUESTS FOR ADMISSIONS

1.    Do you admit that the document attached hereto as Exhibit A is a true and correct copy of the Assignment referred to in your complaint?

**Admitted.**

2.    Do you admit that the Assignment, as originally executed, contains the following sentence in Section 19 thereof:

> "Assignee shall not enter into any assignment or sublease of any portion of the Property or the improvements thereon without the prior written consent of Assignor (and Lessor, if required by the Lease), which Assignor may withhold in its sole discretion."

**Admitted.**

Dennis R. Bailey (744845)
Attorney for Plaintiff MAC East, LLC.

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama  36101-0270
(334) 206-3234 (phone)

(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following counsel of record by placing a copy of same in the United States Mail, first class postage prepaid, on this the 6th day of April, 2006.

> Mr. James N. Nolan
> Mr. Paul O. Woodall, Jr.
> Walston, Wells & Birchall, LLP
> 1819 Fifth Avenue North
> Suite 1100
> Birmingham, Alabama   35203

Of counsel

(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following counsel of record by placing a copy of same in the United States Mail, first class postage prepaid, on this the 4th day of April, 2006.

> Mr. James N. Nolan
> Mr. Paul O. Woodall, Jr.
> Walston, Wells & Birchall, LLP
> 1819 Fifth Avenue North
> Suite 1100
> Birmingham, Alabama   35203

Of counsel