## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MAC East, LLC,<br>an Alabama Limited Liability<br>Corporation, | \| |
| | \| |
| PLAINTIFF, | \| |
| | \| |
| vs. | \|      CASE NO. 2:05-cv-1038-MEF |
| | \| |
| SHONEY'S INC.,<br>a Tennessee corporation, | \| |
| | \| |
| DEFENDANT. | \| |

## FIRST AMENDMENT TO COMPLAINT

COMES NOW the Plaintiff, MAC East LLC (hereinafter "MAC") and amends its Complaint to substitute the named Defendant from Shoney's Inc., a Tennessee corporation, to **Shoney's LLC, a Tennessee limited liability company**.  In its Amended Complaint, Plaintiff states as follows:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MAC East, LLC,<br>an Alabama Limited Liability<br>Corporation, | \| |
| | \| |
| PLAINTIFF, | \| |
| | \| |
| vs. | \|      CASE NO. 2:05-cv-1038-MEF |
| | \| |
| SHONEY'S LLC.,<br>a Tennessee limited<br>liability company, | \| |

|

**DEFENDANT.**                    |

1.      Plaintiff MAC East LLC (hereinafter "MAC") is an Alabama Limited Liability Corporation with its principal place of business in Montgomery, Alabama.

2.      Defendant Shoney's LLC (hereinafter "Shoney's") is, upon information and belief, a Tennessee Corporation having its principal place of business in Nashville, Tennessee.

3.      Pursuant to a lease dated April 13, 1979 (hereinafter the "Lease"), Shoney's leased, as tenant, from Wylie P. Johnson, as the owner/landlord, premises currently known as 805 Eastern Bypass, Montgomery, Alabama, 36117 (hereinafter the "Subject Property").

4.      The Lease allowed any lawful use of the Subject Property.

5.      Shoney's constructed and operated a restaurant on the Subject Property for several years.

6.      The original Lease term was 20 years with options to renew for additional terms of 5 years.  The Lease is still in effect.

7.      On February 20, 2002, MAC—and while the Lease was in its first renewal term—purchased from Shoney's its right, title and interest in the Lease with Wylie P. Johnson, evidenced by Assignment and Assumption of Lease

Agreement dated February 20, 2002 (hereinafter the "Assignment").  A copy of Assignment is attached as Exhibit A.

8.    Paragraph 19 of the Assignment requires the written consent of Shoney's for MAC to enter into any assignment or sublease.

9.    Also on that date, MAC purchased Shoney's leasehold improvements, including the building and equipment, as evidenced by the Asset Sale Agreement dated September 28, 2001 between Shoney's and McClinton & Company, Inc. (later assigned to MAC).

10.    The net consideration paid to Shoney's for these agreements was $140,351.99.

11.    On April 18, 2005, City Café Diners (hereinafter "City Café") signed a proposal to lease the Subject Property.

12.    In 2005, MAC reached an agreement with City Café to sublease the Subject Property with the intention of operating a restaurant.

13.    City Café agreed to terms which would pay MAC guaranteed *minimum* rental during the first five years of $77,350 per year and $84,175 for the next three lease years.

14.    The ownership of City Café is comprised of high-quality restaurant operators with an established track record.

15.    Prior to May 9, 2005, MAC requested from Shoney's what information Shoney's would require to evaluate City Café as a subtenant of MAC.

16.    Prior to May 9, 2005, Shoney's provided MAC a list of financial and other information it would need concerning City Café.

17.    Pursuant to the terms of the Assignment and the information requested from Shoney's, on May 9, 2005, MAC formally presented City Café to Shoney's for approval as a sub-tenant.

18.    Per the specific requests of Shoney's, on May 9, 2005, MAC forwarded to Shoney's the proposed sublease agreement between MAC and City Café disclosing the terms of the sublease.

19.    Additionally, MAC sent Shoney's detailed financial information concerning the partners who owned City Café with copies of photographs of similar operations.

20.    The information supplied by MAC to Shoney's demonstrated that the ownership of City Café was a financially responsible and reasonable sub-tenant for the Subject Property.

21.    Even so, by virtue of the Assignment Plaintiff was to remain responsible for the payment of rental amounts and performance of other obligations under the Lease if City Café failed to do so.

22.     Shoney's would be exposed to no greater risk of liability under the Lease to the owner of the Subject Property as a result of the proposed sublease with City Café.

23.     On or about July 27th, Shoney's informed MAC that it would consent to the sublease to City Café but only if MAC would pay Shoney's an additional $70,000 if Shoney's was released from the Lease and $90,000 if Shoney's was not released from its obligations under the Lease.

24.     Shoney's raised no objections to the suitability of City Café as a suitable sub-tenant of the Subject Property.

25.     Thereafter, Defendant was advised that it had no legal or contractual right under the Assignment to demand additional payments in exchange for approval of a sublease to a commercially suitable sub-tenant of Plaintiff.

26.     Defendant Shoney's was given until August 1, 2005, to reconsider its position and to unconditionally approve City Café as a subtenant of MAC for the Subject Property.

27.     Defendant Shoney's failed or refused to grant unconditional approval of City Café solely because MAC refused to pay additional sums to Shoney's for said approval.

28.     Upon information and belief, City Café is proceeding to explore other locations for a restaurant operation due to the delays caused by Shoney's and its refusal to grant consent without compensation.

## COUNT ONE

29.     Plaintiff readopts and realleges the allegations of paragraphs 1 through 28.

30.     Defendant has breached the terms of the lease contracts applicable to the Subject Project by requiring the payment of additional sums to consent to MAC's sublease to City Café.

31.     As a proximate result of said breach, Plaintiff has lost and will continue to lose in the future, rental income from the Subject Property.

32.     The leases on the Subject Property allow the prevailing party to recover attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages in an amount in excess of the jurisdictional threshold of this Court to be determined by a jury, interest and costs plus attorney's fees.

## COUNT TWO

33.     Plaintiff readopts and realleges the allegations of fact contained in paragraphs 1 through 32.

34.     Plaintiff entered into a contractual relationship with City Café.

35.    The terms of this contractual relationship were disclosed to Defendant.

36.    Without legal justification, Defendant intentionally interfered with the contractual relationship between Plaintiff and City Café.

37.    As a proximate result of the interference with contractual relations, Plaintiff has suffered and will continue to suffer the loss of income from the sub-lease between itself and City Café.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages in an amount in excess of the jurisdictional threshold of this Court to be determined by a jury, plus interest and costs.

## COUNT THREE

38.    Plaintiff readopts and realleges the facts contained in paragraphs 1 through 37 of the Complaint.

39.    Defendant apparently contends that the Assignment or lease relating to the Subject Property allows it to require a payment from Plaintiff in order to give consent to the sublease on the Subject Property by MAC.

40.    A justiciable controversy has arisen between Plaintiff and Defendant concerning the ability of Defendant to require payments from Plaintiff in order to obtain approval for commercially reasonable sub-tenants of the Subject Property.

WHEREFORE, Plaintiff demands a declaratory judgment from the Court that Defendant has no right to require payments for assent to sub-tenants who are otherwise commercially reasonable tenants for the Subject Property, plus attorneys' fees and costs of suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO COUNTS ONE AND TWO.**

*/s/ Dennis R. Bailey*
Dennis R. Bailey (744845)
Attorney for Plaintiff MAC East, LLC.

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing through the ECMF system which will serve a copy of the foregoing document upon the following counsel of record on this the 26th day of April, 2006.

Mr. James N. Nolan
Mr. Paul O. Woodall, Jr.
Walston, Wells & Birchall, LLP
1819 Fifth Avenue North
Suite 1100
Birmingham, Alabama   35203

*/s/ Dennis R. Bailey*
Of counsel