IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MAC East, LLC, an Alabama Limited Liability Corporation, | |
| Plaintiff, | |
| vs. | Case No. 2:05-cv-1038-MEF |
| SHONEY'S LLC, a Tennessee limited liability company, | |
| Defendant. | |

## PLAINTIFF MAC EAST, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT SHONEY'S, LLC'S MOTION FOR SUMMARY JUDGMENT

In accordance with this Court's Order dated June 19, 2006, [Doc. 24] Plaintiff MAC East, LLC ("Mac East") submits the following response in opposition to Defendant Shoney's LLC's ("Shoney's) Motion for Summary Judgment [Doc. 16]:

In essence, Shoney's has asked this Court to hold, as a matter of law, that Shoney's had the right to require additional payments as a condition to consenting to Mac East's sublease agreement with City Café. According to Shoney's, the "basis" for its motion is the language in the contract between itself and Mac East,

which requires Mac East to obtain the prior written consent of Shoney's before subleasing the property and provides that Shoney's could "withhold" its consent to a sublease "in its sole discretion." [Doc. 16, pg. 5.]

Shoney's position is incorrect as a matter of law. First, Alabama courts have held that the rejection of a subtenant must be commercially reasonable. *See*, *e.g.*, Homa-Goff Interiors, Inc. v. Cowden, 350 So. 2d 1035, 1038 (Ala. 1977) (holding that, "even where the lease provides an approval clause, a landlord may not unreasonably and capriciously withhold his consent to a sublease agreement"). Shoney's has provided no reasons – reasonable or not – as to why City Café would be an unsuitable subtenant. Moreover, Shoney's never indicated that City Café was an unsuitable subtenant – it merely stated that it would require payment as a condition of its approval.[1]

Second, even if this Court determines that the commercially reasonable standard does not apply, Shoney's had no legal or contractual right under the assignment to demand additional payments from Mac East in exchange for approval of a subtenant. Moreover, even if Shoney's had the sole discretion to withhold consent of City Café for any reason, the undisputed facts show that Shoney's did approve the subtenant in its sole discretion. The breach of contract

---

[1] Specifically, Shoney's informed Mac East that it would consent to the sublease to City Café on the condition that Mac East pay Shoney's $70,000 if Shoney's was released from the original lease or $90,000 if Shoney's was not released from its obligations under the lease. [Doc. 15, pg. 3.]

occurred when Shoney's then conditioned its consent upon the payment of additional money. Shoney's unilaterally and arbitrarily came up with a charge that it would require Mac East to pay before allowing the deal to go through. To make such a demand for "blood money" is a violation of the fundamental principles of contract and constitutional law. *See* Schweiso v. Williams 150 Cal.App.3d 883 (1984) (referring to transfer fee requested by lessor for subletting as "blood money").

In response to Shoney's argument that Mac East's breach of contract claim is lacking, Mac East submits that the undisputed fact that Shoney's demanded additional money as a condition to its approval is itself a violation of the lease. Shoney's argues that it had a right to condition its consent on the payment of a cash sum, but there is no provision in the contract which allows Shoney's to make such a condition. The contract provides that Mac East had a right to sublet the property. The contract provides that Mac East must obtain Shoney's approval before Mac East can enter into a sublease. The contract provides that Shoney's had the discretion to withhold consent. The contract *does not* provide that Shoney's can charge Mac East additional money before approving an otherwise suitable subtenant. Shoney's is asking this Court, at best, to add new terms to the contract, and, at worst, to turn a contractual provision into a license to commit extortion. *See* Chrysler Capital Corp. v. Lavender, 934 F.2d 290, 294 (11th Cir.

1991) ("a refusal to consent may be considered arbitrary and unreasonable if the landlord conditions his consent upon approval of a new agreement that changes the terms of the original lease").

Mac East is asking the Court to hold, as a matter of law, that it cannot be required to pay money as a sole condition to gaining approval of an otherwise suitable subtenant, particularly where there is no provision in the contract allowing for approval to be conditioned solely upon the payment of money. Conversely, Shoney's is asking this Court to hold that it may withhold its consent for any reason (though it does admit in its brief that this discretion is subject to illegality) and that it may set an arbitrary charge for its consent. In other words, Shoney's argues that it may use its "sole discretion" as power over Mac East and condition its consent solely upon the payment of up to $90,000.

It is undisputed that Shoney's had a right, within reason, to accept or reject a subtenant or improvement. For example, Mac East does not submit that a request from Shoney's for more information regarding the financial condition of City Café would constitute a breach, but no such request for additional information was ever made by Shoney's. However, Mac East does submit that, as a matter of law, Shoney's breached the contract by conditioning approval solely on the payment of money. Shoney's created an arbitrary fee that did not exist in the lease and

4

demanded payment of that fee from Mac East as a condition to approving an otherwise suitable subtenant.

Alternatively, if the Court finds that Shoney's may have had a commercially reasonable basis for withholding consent, outside its demand for additional payment, then Mac East submits that there remains a question of fact as to whether City Café had any commercially reasonable defects that would provide a legal basis for Shoney's to withhold its consent.

In response to Mac East's claims of tortious interference with business relations, Shoney's submits contradictory and insufficient arguments. First, it states that it is not a "stranger" to the contract because "[w]ithout Shoney's consent, the proposed contract between Mac East and City Café cannot even come into existence or be consummated."[2] [Doc. 17, pg. 18.] Shoney's then turns that reasoning on its head and states that it cannot have interfered with Mac East's business relations because "Mac East did not have any contractual relationship with City Café." On the one hand, Shoney's contends that it had at least some power to prevent the deal from going through; on the other hand, it contends that it cannot have interfered because the deal didn't go through. Such circular

---

[2] Even if this Court finds that Shoney's was not a stranger to the business relations of Mac East and City Cafe, Mac East submits that Shoney's is nonetheless liable on the grounds that Shoney's actions in this case amount to nothing more than civil extortion. *See* Peacock v. Merrill, 2005 U.S. Dist. LEXIS 35153, *6 n1 (S.D. Ala.) (noting that it "simply does not make sense" to state that a party is not a stranger to a relationship just because that party may benefit economically from the alleged interference).

reasoning is simply insufficient to entitle Shoney's to summary judgment in this case.

Moreover, the Middle District of Alabama, citing the Supreme Court of Alabama, has stated that this tort applies not only where a contract exists but also "where a defendant has intentionally interfered with a prospective contract." Teitel v. Wal-Mart Stores, Inc., 287 F. Supp. 2d 1268, 1280 (M.D. Ala. 2003). In other words, "protection is appropriate against improper interference with reasonable expectancies of commercial relations even when an existing contract is lacking." *Id*. As a matter of law, Mac East and City Café's written and signed proposal to sublease is surely sufficient to fall under the Court's "broad understanding of what constitutes a business relation." *Id*.

Shoney's also contends that its "failure to consent is not intentional interference." However, the undisputed facts show that Shoney's demanded up to $90,000 as a condition of its consent. Such a demand was an intentional act of force and coercion. Shoney's attempt to extort additional money as a condition to consenting to Mac East and City Café's sublease is coercion even in its strictest sense. *See* BLACK'S LAW DICTIONARY 252 (7th ed. 1999) (defining coercion as "[c]onduct that constitutes the improper use of economic power to compel another to submit to the wishes of one who wields it"). In summary, the evidence at bar

demonstrates that Shoney's intentionally interfered with Mac East's business relations with City Café.

With regard to the declaratory judgment action, it is true that Shoney's allowed another tenant — Sho-Rest — to sublease the property without payment of any sum. Because the property is now subleased with an initial term lasting until March 30, 2014, Mac East agrees that the declaratory judgment count of the complaint is for the present moot and that this Court's ruling on the pending motions may resolve the issue for future transactions. Therefore, Mac East agrees that Count III of the Complaint may be dismissed without prejudice.

For the reasons discussed above, and for the reasons discussed in Mac East's Motion for Partial Summary Judgment and brief [Docs. 14&15], Mac East respectfully requests that this Court deny Shoney's Motion for Summary Judgment.

                                                                                    */s/ Bethany L. Bolger*
                                                                                     Dennis R. Bailey (744845)
                                                                                     Bethany L. Bolger (6740E60B)
                                                                                     Attorneys for Plaintiff MAC East, LLC.

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed the foregoing through the ECMF system which will serve a copy of the foregoing document upon the following counsel of record on this the 30th day of June 2006.

        Mr. James N. Nolan
        Mr. Paul O. Woodall, Jr.
        Walston, Wells & Birchall, LLP
        1819 Fifth Avenue North
        Suite 1100
        Birmingham, Alabama  35203

                      */s/ Bethany L. Bolger*_____
                      Of counsel