# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MAC East, LLC, an Alabama Limited Liability Corporation, | |
| **PLAINTIFF,** | |
| vs. | CASE NO. 2:05-cv-1038-MEF |
| SHONEY'S LLC, a Tennessee limited liability company, | |
| **DEFENDANT.** | |

## PLAINTIFF MAC EAST, LLC'S REPLY IN OPPOSITION TO DEFENDANT SHONEY'S, LLC'S MOTION FOR SUMMARY JUDGMENT

In accordance with this Court's Order dated June 19, 2006, [Doc. 24] Plaintiff MAC East, LLC ("Mac East") submits the following reply in opposition to Defendant Shoney's LLC's ("Shoney's) Motion for Summary Judgment [Doc. 16] and to Defendant Shoney's Opposition to Motion for Partial Summary Judgment [Doc. 28]:

In essence, the point of contention between Mac East and Shoney's is whether Shoney's had the unfettered right to act without regard to commercial standards based on the language found in the assignment between the parties. Here, the contract itself is completely silent on the criteria to be used in

determining the suitability of a subtenant and on the standard by which the sole discretion of Shoney's may be exercised or judged to have been abused. Mac East sees the issue this way: Has Mac East met its burden of establishing that Shoney's abused its discretion when it approved City Café subject to the payment of a fee – nearly three times the annual rent[1] – which is not provided for in the assignment? The material previously submitted in support of Mac East's motion establishes that Shoney's either (1) exercised its discretion by approving City Café and then breached the contract by requiring a fee after approval or (2) Shoney's abused its discretion by acting arbitrarily and capriciously and against commercial reasonableness in disapproving City Café unless a fee of up to $90,000 was paid. Either way, Mac East should prevail.

Essentially, under Alabama law the question is what constitutes an abuse of the "sole discretion" clause at issue? In its briefs, Shoney's argues for no standard at all — not even an arbitrary and capricious standard so common to the grants of discretion to courts and government entities and in other contexts. Shoney's makes much of distinguishing cases cited by Mac East. However, Shoney's fails to cite any cases (out of Alabama or anywhere else) stating that the contract at issue

---

[1] Donna Power's affidavit states that "[b]ased on information and belief, the amount of annual base rent that is due under the Lease is $33,000.00." [Doc 28, Ex. C, pg. 2.]

allowed Shoney's to act arbitrarily and unreasonably or to create a charge for consenting to a sublease between Mac East and City Café.

Mac East has submitted numerous cases from various jurisdictions, including Alabama, holding that a landlord's rejection of a subtenant should be based on a commercially reasonable standard. As stated previously, Alabama has specifically adopted the commercially reasonable standard. *See* <u>Homa-Goff Interiors, Inc. v. Cowden</u>, 350 So. 2d 1035 (Ala. 1977). Shoney's argues that this standard is inapplicable in this case. Shoney's entire argument rests on the contractual language which states that consent to a sublease may be withheld in its "sole discretion." But no where in the <u>Homa-Goff</u> decision does the Supreme Court of Alabama state that its adoption of the commercially reasonable standard should be limited to certain circumstances, nor is there any indication that the standard should not be applied in a case such as the one at bar. To the contrary, the court is very clear in its acceptance of the reasonableness standard and its rejection of an "arbitrary and capricious" standard. The court cites with approval cases from Ohio and Illinois and also bases its decision on the fact that "the necessity of reasonable alienation of commercial building space has become paramount in our ever-increasing urban society." *See id*. at 1037.

Mac East's position in this regard is also supported by numerous cases generally finding that "sole discretion" language in a contract does not allow a

party to act arbitrarily or unreasonably. In Wright v. Cypress Shores Development Co., the Supreme Court of Alabama held that a developer may generally reserve to himself the right to amend restrictive covenants in his sole discretion, and may do so without the consent of the grantee, **so long as he exercises that right in a reasonable manner**. *See* 413 So. 2d 1115 (Ala. 1982). In its decision, the Alabama court cites approvingly the following language from a Florida appellate court decision:

> We hold, therefore, that the clause in the Declaration of Restrictions, which reserves to the owner "the right to alter, amend, repeal or modify these restrictions at any time in its sole discretion" is a valid clause *so long as it is exercised in a reasonable manner as not to destroy the general scheme or plan of development*.

Flamingo Ranch Estates, Inc. v. Sunshine Ranches Homeowners, Inc., 303 So. 2d 665, 666 (Fla.App. 1974) (emphasis by Alabama court).

In Guntert v. City of Stockton, the California Court of Appeals applied a reasonableness standard to a lease despite the contract's provision that approval was at the "sole discretion" of the city council. *See* 43 Cal. App.3d 203 (1974). Although the court's decision was based primarily on testimony regarding contract negotiations which indicated that the parties did not intend the satisfaction clause to authorize the city council to act unreasonably in deciding whether to approve a development project, the court noted that "[c]ontrary to the city's contention, **the**

phrase **"sole discretion" does not necessarily imply arbitrary power, unfettered by the demand for reasonableness**." *See id.* at 213 (emphasis added) (*citing Coats* v. *General Motors Corp.*, 11 Cal.2d 601, 607 [81 P.2d 906]; *Sanford* v. *Smith*, 11 Cal.App.3d 991, 1000 [90 Cal.Rptr. 256]; *Tamelleo* v. *New Hampshire Jockey Club, Inc.* (1960) 102 N.H. 547 [163 A.2d 10, 13]; *Theatre Festival, Inc.* v. *Moses* (1959) 16 Misc. 2d 258 [181 N.Y.S.2d 364, 366]; *Lucas* v. *Lucas* (Tex.Civ.App. 1962) 365 S.W.2d 372, 376.).

In Stiller v. State, the Supreme Court of Tennessee, in reviewing whether the lower court had abused its judicial discretion, cited approvingly several cases from other jurisdictions holding that language similar to that found in the case at bar does not allow the contracting party to act unreasonably:

> In a case decided under New Jersey law, where a settlor of a trust designated the trustee as *sole* judge of the needs of a beneficiary, the court held that this did not obviate the necessity of exercising his judgment in an honest manner or relieve him of the duty to act in good faith and with a proper motive. Funk v. C.I.R., 185 F.2d 127 (3rd Cir. 1950).
>
> In Lucas v. Lucas, Tex.Civ.App., 365 S.W.2d 372, another trust case, the court held that a provision authorizing trustees to make payments in their *sole discretion* did not enable the trustee to exercise his discretion in an arbitrary manner.
>
> The authority given to a public official to act in his *sole judgment* contemplates the action of a reasonable man and does not give authority for completely

> irresponsible behavior. Theatre Festival, Inc. v. Moses, 16 Misc.2d 258, 181 N.Y.S.2d 364 (1958).
>
> An act authorizing a race track to refuse admission and eject patrons in *sole judgment* of licensee means that the judgment cannot be exercised in a capricious, arbitrary and unreasonable manner. Tamelleo v. New Hampshire Jockey Club, 102 N.H. 547, 163 A.2d 10 (1960).

516 S.W.2d 617, 620-621 (Tenn. 1974) (emphasis in original); *see also* Krug v. Krug, 838 S.W. 2d 197, 201 (Tenn. App. 1992) (finding that, in a trust context, "[t]he phrase 'in her sole discretion' does not waive the good faith requirement placed upon acts of discretion, but merely limits who makes the decision").

Finally, as discussed more fully in Mac East's prior briefs, the undisputed facts show that Shoney's, in exercising its right to review the subtenant for suitability, actually approved the City Café entity as a suitable subtenant. That was the gist of the conversation between Joan Surles and Donna Power previously identified in Ms. Power's deposition. Once that decision was made, Shoney's had no right, contractual or otherwise, to change the terms of the assignment and demand a payment of up to $90,000. Shoney's intentional act of demanding such a payment – nearly three times the annual rent on the property – constituted a breach of contract and an intentional interference with business relations, even if the Court finds that Shoney's had the right to act arbitrarily and capriciously without regard to commercial standards when judging the suitability of a subtenant. Shoney's

should not be allowed, on the one hand, to take the litigation position that the "sole discretion" clause unambiguously alters the commercial reasonableness standard currently existing under Alabama law, but, on the other hand, expect this Court to read into that contractual provision a right to demand the payment of a fee for the exercise of that discretion that was never expressed as a negotiated term of the contract.

To summarize, the result most in conformance with existing Alabama law and the express terms of the assignment is that Shoney's and Mac East agreed that Shoney's had the sole discretion to approve or disapprove the suitability of subtenants but that any claim of abuse of such discretion would have to be judged based upon the commercially reasonable standard which existed in Alabama when the agreement was made and which exists today. However, regardless of the test adopted for abuse of that discretion, under no circumstances could Shoney's require a fee for the exercise of that discretion without the existence of an express provision in the contract to that effect. Therefore, Mac East respectfully requests that the Court grant Mac East's Motion for Partial Summary Judgment and deny Shoney's Motion for Summary Judgment.

/s/ Bethany L. Bolger_____
Dennis R. Bailey (744845)
Bethany L. Bolger (6740E60B)
Attorneys for Plaintiff MAC East, LLC.

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama  36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing through the ECMF system which will serve a copy of the foregoing document upon the following counsel of record on this the 10th day of July 2006.

> Mr. James N. Nolan
> Mr. Paul O. Woodall, Jr.
> Walston, Wells & Birchall, LLP
> 1819 Fifth Avenue North
> Suite 1100
> Birmingham, Alabama  35203

*/s/ Bethany L. Bolger*_____
Of counsel