RECEIVED

2008 MAR 14 A 10: 03

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

March 12, 2008

**Appeal Number: 07-11534-EE**
Case Style: MAC East, LLC v. Shoney's Inc.
District Court Number: 05-01038 CV-F-N

TO:   Debra P. Hackett

CC:   James N. Nolan

CC:   Paul Oliver Woodall, Jr.

CC:   Dennis R. Bailey

CC:   Bethany L. Bolger

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

RECEIVED  For rules and forms visit
www.ca11.uscourts.gov

March 12, 2008   2008 MAR 14  A 10: 03

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**Appeal Number: 07-11534-EE**
Case Style: MAC East, LLC v. Shoney's Inc.
District Court Number: 05-01038 CV-F-N

Enclosed is a certified copy of an order remanding the referenced appeal for further proceedings. JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT.

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Brenda Wiegmann (404) 335-6174

Enclosures:

   Volume(s) of Record

   Box(es) of Exhibits

   Envelope(s) of Exhibits

# LIMITED REMAND

CLK-3 (3-2004)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



D.C. Docket No. 05-01038 CV-F-N

MAC East, LLC, an Alabama Limited Liability Corporation,

> Plaintiff-Appellee,

versus

SHONEY'S INC., a Tennessee corporation,

> Defendant-Appellant.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

**LIMITED REMAND ORDER**

Before BLACK, CARNES, and COX, Circuit Judges.

BY THE COURT:

On February 20, 2008, this court entered an order directing the parties to show cause, by letter briefs, why we should not order a limited remand to the district court to determine the existence of diversity jurisdiction in this case. Having received the

parties responses, we conclude that a limited remand is necessary for the purpose of determining whether diversity of citizenship exists.

After oral argument and review of the record, we raised *sua sponte* the issue of the district court's subject matter jurisdiction, which we are required to do. *Arthur v. Haley*, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001). The following facts call into question the existence of diversity jurisdiction.

On October 28, 2005, Shoney's filed a notice of removal under 28 U.S.C. § 1332, the diversity jurisdiction statute. With respect to the complete diversity of citizenship requirement, Shoney's alleged that it "is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Tennessee, with its principal place of business located in Tennessee." It also alleged that MAC East "is, and was at the time of the institution of the civil action, a limited liability company organized and existing under and by virtue of the laws of the State of Alabama, with its principal place of business located in Alabama."

In *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004), we held that a limited liability company, like a partnership, "is a citizen of any state of which a member of the company is a citizen." We continued: "To sufficiently allege the citizenships of . . . unincorporated business

2

entities, a party must list the citizenships of all the members of the limited liability company . . . ." *Id.* Further, "[j]urisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis omitted).

Because Shoney's failed to allege or establish the citizenships of the members of MAC East, and because the record revealed that Shoney's might also have been a limited liability company when this action was filed and removed,[1] we entered the above-referenced show cause order. In response to our order, MAC East did not oppose a limited remand, and alleged that the evidence on remand would show that its members were citizens of either Alabama or the District of Columbia. Shoney's simply requested a remand for the purpose of determining jurisdiction without proffering what the evidence on remand might show.

In light of the parties' responses, we remand this case to the district court for the limited purpose of determining whether diversity of citizenship exists. (The district court may also address any motions to correct deficient allegations of diversity. *See* 28 U.S.C. § 1653.) If the court determines that complete diversity of

---

[1] Shoney's alleged in its notice of removal that it "is, and was at the time of the institution of this civil action" a Tennessee corporation. But, the record indicates otherwise. In its answer, filed November 4, 2005, Shoney's stated that it converted to a Tennessee limited liability company on October 11, 2004. If so, Shoney's was a limited liability company when MAC East filed its first complaint in state court on September 20, 2005, and when Shoney's filed its notice of removal on October 28, 2005.

3

citizenship does not exist between the parties, it should dismiss the case for want of subject matter jurisdiction, and provide this court with a copy of the judgment. On the other hand, should the court determine that the parties are completely diverse, it should enter an order to that effect and provide this court with a copy. The panel retains jurisdiction over this appeal.

    LIMITED REMAND FOR JURISDICTIONAL FINDING.