IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAC EAST, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:05-cv-1038-MEF |
| | ) | |
| SHONEY'S, INC., | ) | (WO) |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on remand from the Eleventh Circuit. In successive opinions, the Circuit reversed this Court's entry of summary judgment for the plaintiff, MAC East, LLC ("MAC East"), on its tortious-interference and breach-of-contract claims and directed this Court to enter summary judgment on both claims for the defendant, Shoney's, Inc. ("Shoney's"). *See MAC East, LLC v. Shoney's*, 535 F.3d 1293 (11th Cir. 2008) (tortious interference); *MAC East, LLC v. Shoney's*, 578 F.3d 1282 (11th Cir. 2009) (breach of contract).[1] The Circuit based its breach-of-contract opinion on the Supreme Court of Alabama's answer to a certified question on an issue of Alabama contract law. *See Shoney's LLC v. MAC East, LLC*, No. 1071465, 2009 WL 2343674 (Ala. July 31, 2009).

Despite the Circuit's unequivocal mandate to this Court, MAC East now argues

---

[1] MAC East also sought a declaratory judgment in the third count of its complaint, but this Court dismissed that count as moot in its order granting summary judgment, and that count is not relevant here.

that one of its claims against Shoney's for breach of contract has survived the Circuit's decisions. Specifically, MAC East asserts that it alleged two independent theories of breach of contract in its complaint, that is, that Shoney's breached the lease contract it had assigned to MAC East (1) when it refused to approve a proposed sublease without any commercially reasonable justification, and (2) when it demanded more money from MAC East as a condition of approval of the proposed sublease.[2] As far as this Court can make out, MAC East's argument is that because the Eleventh Circuit explicitly addressed only the refusal-to-approve theory in its opinion on breach of contract, the existence of a demand-for-payment breach is still an open question before this Court.

This Court finds that MAC East's argument is without merit. This Court clearly agreed with MAC East's demand-for-payment theory in its order granting summary judgment. In that order, the Court applied a commercial-reasonableness standard to the provision in the contract permitting Shoney's to accept or reject a proposed sublease in its "sole discretion" and ruled that Shoney's had not been commercially reasonable in either rejecting the proposed sublease or demanding more money as a condition of approval.[3] In

---

[2]In an earlier filing (Doc. #29), MAC East argued: "Shoney's intentional act of demanding such a payment . . . constituted a breach of contract . . . even if the Court finds that Shoney's had the right to act arbitrarily and capriciously without regard to commercial standards when judging the suitability of a subtenant."

[3]Citing *Homa-Goff Interiors, Inc. v. Cowden*, 350 So. 2d 1035 (Ala. 1977), this Court explained that the lease contract does not necessarily give Shoney's "the right to arbitrarily and capriciously reject a proposed sublease *or add new conditions*." *MAC East, LLC v. Shoney's LLC*, 510 F. Supp. 2d 541, 545 (M.D. Ala. 2007) (emphasis added). The Court also noted: "The undisputed evidence before this Court establishes as a matter of law that Shoney's *demand for additional payment*, which was an additional term not included in Paragraph 19 was unreasonable and MAC East is therefore entitled

other words, the Court decided both breach-of-contract theories at the same time and under the same rule of law—the commercial-reasonableness standard. Because the breach-of-contract claim arose out of only one act of Shoney's—refusing to approve a proposed sublease unless MAC East paid more money—and could be resolved by the application of one rule of law, this Court did not artificially break up the breach-of-contract claim into two parts in its order granting summary judgment.

Nor does this Court believe that the Eleventh Circuit intended to break up the breach-of-contract claim into two parts when it expressly referred to the refusal-to-accept theory but not to the demand-for-payment theory in its breach-of-contract opinion. The issue before the Circuit on appeal was whether this Court was correct to apply the commercial-reasonableness standard to the contract provision in question. Based on the Supreme Court of Alabama's answer to the certified question, the Circuit decided that this Court was not correct to apply the commercial-reasonableness standard, and it ruled that the contract provision in question gave Shoney's total and unfettered discretion to accept or reject any proposed sublease for any reason or even for no reason at all. The logic of this ruling does not distinguish between either of MAC East's theories of breach of contract. Under the Circuit's holding, Shoney's had the right under the contract to refuse to accept any proposed sublease outright, without any commercially reasonable reason, and conversely could have accepted it for any reason at all, even if that reason was that MAC East was willing to pay more money to Shoney's. Given the rationale of this

---

to summary judgment on its breach of contract claim." *Id.* at 546 (emphasis added).

ruling, and because the Circuit's opinion was in response to a decision by this Court conflating MAC East's twin breach-of-contract theories, this Court believes that the Circuit has reversed this Court's ruling as to both breach-of-contract theories.

Even if this were not the case, this Court would still refuse to accept MAC East's argument that any issue remains open in the face of the Circuit's unequivocal instruction to this Court to enter summary judgment in favor of Shoney's on the entire breach-of-contract claim. This Court clearly decided the issue in question, and Shoney's appealed the whole case to the Circuit after this Court entered a final judgment. Now that the Circuit has remanded the case back to this Court with such explicit instructions, it is not the place of this Court to clarify or gap-fill the Circuit's opinion. That is a matter for appeal, not remand.

Accordingly, it is hereby ORDERED as follows:

1. Summary judgment is entered in favor of Shoney's on count one of the Amended Complaint (breach of contract), as is mandated by *MAC East, LLC v. Shoney's*, 535 F.3d 1293 (11th Cir. 2008).

2. Summary judgment is entered in favor of Shoney's on count two of the Amended Complaint (tortious interference), as is mandated by *MAC East, LLC v. Shoney's*, 578 F.3d 1282 (11th Cir. 2009).

DONE this the 26th day of October, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE